UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HOSKINS OIL COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-417-JRG-DCP |
| | ) | |
| EQUILON ENTERPRISES, LLC d/b/a | ) | |
| SHELL OIL PRODUCTS US, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Compel Discovery Responses [Doc. 127]. Defendants Equilon Enterprises, LLC d/b/a Shell Oil Products US and Motiva Enterprises, LLC (collectively, "Defendants") filed a Response [Doc. 128],[1] objecting to the Motion, and Plaintiff filed a Reply [Doc. 134]. The Motion is ripe for adjudication. Accordingly, for the reasons more fully explained below, the Court finds Plaintiff's Motion [**Doc. 127**] not well taken, and it is **DENIED**.

**I.    POSITIONS OF THE PARTIES**

Plaintiff moves pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2 for an order compelling Defendants to provide full and meaningful answers to its discovery requests. Specifically, Plaintiff seeks the identities of other jobbers in Tennessee and Kentucky whose wholesale market agreements ("WMAs") were terminated in 2013 through 2015. In addition,

---

[1] Defendants filed another Response [Doc. 129], but this appears to be a duplicate of the earlier filed Response [Doc. 128].

Plaintiff requests the total annual minimum gallon requirement for each jobber identified. Plaintiff contends that such discovery seeks to establish Defendants' motives in terminating jobber contracts, which has a tendency to prove that Defendants were seeking to eliminate smaller jobbers in bad faith. Plaintiff states that such evidence goes to the heart of Defendants' motives for terminating Plaintiff's agreement.

Defendants object to Plaintiff's discovery requests, asserting that the information requested is not relevant to any party's claim or defense. Defendants state that on June 26, 2018, they offered to amend their responses to state that no wholesaler had a base minimum volume requirement below 6.75 million in 2014. Defendants argue that Plaintiff's Amended Complaint does not allege that they were eliminating smaller jobbers or that smaller jobbers were on different gallon requirements. Defendants maintain that they have many jobbers in Tennessee and Kentucky and that there are many reasons why WMAs may be terminated. Defendants state that the identities of other jobbers in these states whose WMAs were terminated during a three-year period are irrelevant to the underlying issues to be decided—that is, whether Plaintiff's WMAs were unlawfully terminated. Defendants state that, similarly, the total annual minimum gallon requirements for all other jobbers in Tennessee and Kentucky whose WMAs were terminated during a three-year period are also irrelevant, but Defendants have provided this information for the year that Plaintiff failed to meet its minimums.

Plaintiff filed a Reply [Doc. 134], stating that its WMA was terminated in bad faith and that based on Defendants' actions, a jury could infer bad faith related to small jobbers. Plaintiff maintains that it is entitled to determine if Defendants were pushing smaller jobbers to either sub-job or terminating their WMAs. Plaintiff states that Defendants have not shown that such information is burdensome and that they have not established that the discovery is irrelevant.

## II.     ANALYSIS

The Court has considered the filings in this case, and for the reasons further explained below, the Court finds Plaintiff's Motion [Doc. 127] not well taken.

In the present matter, the primary dispute is whether Plaintiff's discovery requests are relevant to the issues in this lawsuit. Federal Rule of Civil 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.,* 319 F.R.D. 240, 242 (N.D. Ohio 2017) *(quoting Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Courts have cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97-ART-EBA, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016). "[T]he [C]ourt retains the final discretion to determine whether a discovery requests is broad or oppressive." *Id.* (citing *Surles v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007)).

As mentioned above, Plaintiff seeks the identities of other jobbers in Tennessee and Kentucky whose WMAs were terminated in 2013 through 2015 and the annual minimum gallon requirements for each jobber that is identified. Plaintiff asserts that such evidence will show that Defendants eliminated smaller jobbers in bad faith, which will therefore show Defendants' motives

for terminating Plaintiff's agreement. The Court finds Plaintiff has not shown that the requested discovery is relevant to the issues in this case. The Court has revisited the Amended Complaint, and there are no allegations that Defendants terminated Plaintiff's agreement in order to eliminate smaller jobs and there are no allegations of bad faith. The Court agrees with Defendants' statement that the identities of all other jobbers in Tennessee and Kentucky whose WMSs were terminated during a three-year period are irrelevant to the underlying issue to be decided in this case—that is, whether Plaintiff's WMAs were unlawfully terminated.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court finds the Motion to Compel Discovery Responses [**Doc. 127**] not well taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge