**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| HOSKINS OIL COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 3:16-cv-00417-JRG-DCP |
| | ) | |
| EQUIILON ENTERPRISES LLC d/b/a | ) | |
| SHELL OIL PRODUCTS US, and MOTIVA | ) | |
| ENTERPRISES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANTS EQUILON ENTERPRISES LLC d/b/a SHELL OIL PRODUCTS US
AND MOTIVA ENTERPRISES, LLC'S MOTION TO EXCLUDE PLAINTIFF'S
EXPERT FOR VIOLATION OF THE COURT'S AMENDED SCHEDULING ORDER**

---

COME NOW Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US ("SOPUS") and Motiva Enterprises, LLC ("Motiva") (collectively, "Defendants"), by their undersigned counsel, and for their Motion to Exclude Plaintiff's Expert for Violation of the Court's Amended Scheduling Order, state as follows:

1. Plaintiff's expert disclosure was due on March 13, 2018. On January 25, 2018, Plaintiff served Defendants with Plaintiff's Expert Disclosure, which identified Michael Harvey as its expert to testify regarding Plaintiff's alleged damages and included Mr. Harvey's expert report. (*See* Plaintiff's January 25, 2018 Expert Disclosure, attached hereto as **Exhibit A**).

2. Mr. Harvey's report opined that Plaintiff had suffered between $1,386,000.00 and $1,478,000.00 (depending on the amount of diesel Hoskins would have purchased) in alleged lost profit damages between the years of 2015 and 2018. (*Id.* at 21).

3. Despite the fact that Mr. Harvey claimed to have complied with the American Institute of Certified Public Accountants ("AICPA") standards, he calculated this amount in lost

1

profit damages notwithstanding the undisputed fact that Plaintiff had not generated any profits from 2011 – 2014. Furthermore, in calculating Plaintiff's alleged lost profits, Mr. Harvey did not apply a discount rate to reduce his calculation of damages. (*Id.*) These failures are in direct contravention of AICPA standards. (*See* AICPA Practice Aid 06-4 "Calculating Lost Profits," attached hereto in relevant part as **Exhibit B**, at p. 29, ¶¶ 78-79 and p. 35).

4. On March 13, 2018, Defendants' counsel deposed Mr. Harvey. During the deposition, Defendants' counsel specifically asked Mr. Harvey if he anticipated applying a discount rate at trial, and Mr. Harvey said *no*. (*See* Deposition of Michael Harvey, attached hereto in relevant part as **Exhibit C,** at 92:12-21).

5. Thereafter, on March 23, 2018, Defendants disclosed their expert, James Lloyd, who opined about a number of errors and mistakes in Mr. Harvey's report, including that Mr. Harvey's failure to apply a discount rate to his calculation of alleged lost profits was improper. (*See* Defendants' March 23, 2018 Expert Disclosure, attached hereto as **Exhibit D**).

6. Plaintiff did not supplement its expert disclosure or report thereafter, until, only two months from trial and in the middle of the parties' pre-trial deadlines, on December 11, 2018, Plaintiff served Defendants with Plaintiff's Supplemental Expert Disclosure. (*See* Plaintiff's December 11, 2018 Supplemental Expert Disclosure, attached hereto as **Exhibit E**).

7. Plaintiff's Supplemental Expert Disclosure changes Plaintiff's original expert report and testimony several ways. Most importantly, Mr. Harvey now belatedly attempts to apply a discount rate to his lost profit calculations. (*Id.*)

8. Per the Court's Amended Scheduling Order, the deadline for Plaintiff to disclose any expert testimony in accordance with Rule 26(a)(2) was March 13, 2018. (Doc. 114).

9.      The Amended Scheduling Order expressly states:  **FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE EXCLUSION OF DAMAGES, WITNESSES, EXHIBITS, DEPOSITIONS, AND/OR VIDEO TAPES FROM EVIDENCE AT TRIAL.**  (Doc. 114) (emphasis in original).

10.     "Federal Rule of Civil Procedure 26(a)(2)(B) provides, in relevant part, that an expert witness must submit a report containing a 'complete statement of all opinions the witness will express and the basis and reasons for them.'  Rule 26(e) allows a party to supplement the expert report and states that 'the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.'  The purpose of Rule 26(e) is to supplement an expert's report and not to extend the expert disclosure deadline."  Malin v. JP Morgan Chase Bank, N.A., 2013 WL 12123511, at *4 (E.D.Tenn., 2013) (*citing* Matilla v. South Ky. Rural Electric Cooperative Corp., 240 Fed.Appx. 35, 43 (6th Cir. 2007)).  The burden is on the potentially sanctioned party to prove that its failure to comply with Rule 26 is harmless.  Id. (*citing* Roberts ex rel. Johnson v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003)).

11.     "District courts have broad discretion to exclude untimely disclosed expert-witness testimony."  Id. (excluding as untimely the plaintiff's March 10, 2013 supplemental expert disclosure because the expert disclosure deadline was February 11, 2013 and the original documents upon which the expert based his "new findings" were available at the time he prepared his original report).  Indeed, as the Court's Amended Scheduling Order states, the Court also has the discretion to (and in fact states that it "**SHALL**") exclude a party's claimed damages or witnesses if a party fails to comply with the order.  (Doc. 114).  *See also* Estes v. King's Daughters Med. Ctr., 59 F. App'x 749, 753 (6th Cir. 2003) (noting that Rule 16 of the Federal Rules of Civil Procedure grants district courts wide latitude to impose sanctions for failure to

3

comply with their scheduling orders, and that the district court has discretion to impose whatever sanction it feels is appropriate under the circumstances); Matilla, 240 Fed.Appx. at 42 (noting that the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless); Pluck v. BP Oil Pipeline Co., 640 F.3d 671, 681 (6th Cir. 2011) (striking expert's untimely supplemental declaration in which he attempted to bolster his deficient opinion by employing a new methodology because district courts' discretion to exclude untimely disclosed expert witness testimony is particularly broad when "these reports serve as a transparent attempt to reopen the *Daubert* inquiry after the weaknesses in the expert's prior testimony have been revealed.").

12.     Plaintiff's attempt to submit a Supplemental Expert Disclosure that changes its expert's testimony and calculations violates the Court's Amended Scheduling Order, comes nine months too late, and is only *two months before trial*. Moreover, Plaintiff's Supplemental Expert Disclosure is not based on any new evidence that was unavailable at the time of its original disclosure.

13.     The AICPA standards, which Mr. Harvey claimed to have followed, were available to him at all relevant times.  Additionally, even ignoring Mr. Harvey's initial failure to follow the very AICPA standards he professed to have considered, it is clear Plaintiff unduly delayed its Supplemental Expert Disclosure even further without any reasonable basis.  As discussed above, Defendants pointed out Plaintiff's expert's failure to utilize the requisite discount rate at his deposition on March 13, 2018 as well as in their own expert's March 23, 2018 rebuttal report.

14.     Thus, Plaintiff has been on notice of this defect in its expert's methodology for nine months - yet it waited until the eve of trial to correct it.  Even worse, Plaintiff provides no

explanation whatsoever as to why its expert failed to include the discount rate originally, testified at deposition *that he would not do so*, why he finally decided to do so now, or why Plaintiff did not change the disclosure at any point in the nine months that passed between then and now.

15.  Plaintiff has not and cannot argue that its failure to comply with Rule 26 is harmless.  Indeed, to permit Plaintiff's violation of the Amended Scheduling Order would require the parties to re-open expert discovery at significant time and expense.  Not only would Defendants' expert be entitled to issue a rebuttal, but Defendants' counsel would be entitled to re-depose Mr. Harvey regarding the basis for the change, why Mr. Harvey previously failed to use a discount rate, and why he went so far as to testify *that he would not do so*.  This would prejudice Defendants, who have already been forced to wait two and half years to try this case. Defendants should not have to suffer further delays or incur further expenses based on Plaintiff's failure to meet Court-ordered deadlines.  *See* <u>Malin</u>, 2013 WL 12123511, at *4; <u>Pride v. BIC Corp.</u>, 218 F.3d 566, 579 (6th Cir. 2000) (affirming district court's decision that reopening the proceedings would be contrary to all rules of fairness and proper procedure, and would allow the plaintiff's experts to become "moving targets" whose opinions were constantly changing and being supplemented in order to overcome proper pretrial procedures).

16.  Accordingly, based on Plaintiff's violation of the Court's Amended Scheduling Order, the Court should apply the very warning contained directly in its Amended Scheduling Order and  exclude Plaintiff's expert from testifying as to any damages at trial.

WHEREFORE, Defendants respectfully request that this Court exclude Plaintiff's expert Michael Harvey from testifying at trial based on Plaintiff's violation of the Amended Scheduling Order.

5

Dated: December 17, 2018          GREENSFELDER, HEMKER & GALE, P.C.

By  /s/ David M. Harris
David M. Harris, MBE #32330 (*pro hac vice*)
Caitlin M. Meyers, MBE #68381 (*pro hac vice*)
Tali L. Katz, MBE #68788 (*pro hac vice*)
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Phone:  (314) 241-9090
Fax:  (314) 345-5465
dmh@greensfelder.com
cmeyers@greensfelder.com
tkaz@greensfelder.com

WOOLF, MCCLANE, BRIGHT, ALLEN &
CARPENTER, PLLC
W. Kyle Carpenter (BPR #005332)
Dean T. Howell (BPR #022130)
P.O. Box 900
Knoxville, TN 347901-0900
Phone: (865) 215-1000
Fax: (865) 215-1001
kcarpenter@wmbac.com
dhowell@wmbac.com

*Attorneys for Defendants Equilon Enterprises LLC d/b/a*
*Shell Oil Products US, and Motiva Enterprises LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system, this 17th day of December 2018, upon all counsel of record.

Broderick L. Young
Paul E. Wehmeier
ARNETT, DRAPER & HAGOOD, LLP
P. O. Box 300
2300 First Tennessee Plaza
Knoxville, TN 37901-0300
byoung@adhknox.com
pwehmeier@adhknox.com

Attorneys for Plaintiff Hoskins Oil Company, LLC

/s/David M. Harris

6