IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| HOSKINS OIL COMPANY, LLC | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:16-cv-00417-JRG-DCP |
| | ) |
| EQUIILON ENTERPRISES LLC d/b/a | ) |
| SHELL OIL PRODUCTS US, and MOTIVA | ) |
| ENTERPRISES LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS EQUILON ENTERPRISES LLC d/b/a SHELL OIL PRODUCTS US AND MOTIVA ENTERPRISES, LLC'S OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW, TO THE EXTENT THAT IT WILL DELAY THE TRIAL**

COME NOW Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US ("SOPUS") and Motiva Enterprises, LLC ("Motiva") (collectively, "Defendants"), by their undersigned counsel, and for their Opposition To Plaintiff's Counsel's Motion To Withdraw, To The Extent That It Will Delay The Trial, state as follows:

## **INTRODUCTION**

Defendants oppose Plaintiff's Motion for two key reasons. First, Plaintiff Hoskins Oil Company, LLC ("Plaintiff") has failed to identify the good cause required by the rules to justify withdrawing as counsel. Second, Defendants are concerned that if new counsel is allowed, the schedule in this case, including the trial may be significantly delayed. These concerns are reinforced by the fact that since Plaintiff filed this action in June 2016, it has had great difficulty securing and maintaining its legal counsel, as well as meeting Court-ordered deadlines. Indeed, this is Plaintiff's third withdrawal of counsel episode to date. These actions have repeatedly prejudiced and burdened Defendants by delaying matters as discussed below.

1

Now, on the eve of trial, Plaintiff's current request threatens Defendant with even more prejudice because of the possibility that the request, if granted, would delay the trial. Although Defendants do not oppose the withdrawal of Plaintiff's counsel as a matter of principle, they strongly oppose any delay to the trial. Therefore, Defendants request that the Court not allow this most recent development to harm Defendants by delaying the completion of the pretrial activities and the trial.

## **RELEVANT FACTS**

As way of background, Plaintiff filed this lawsuit on June 29, 2016. Less than three months later, on September 8, 2016, the three law firms representing Plaintiff filed a Joint Motion To Withdraw. [Doc. 21]. Shortly thereafter, Plaintiff and these attorneys "resolved" their issues, [Doc. 26], but then on October 3, 2016, two of the representative law firms again withdrew their representation. [Doc. 28]. Gary L. Henry ("Mr. Henry") remained counsel of record for Plaintiff for some time thereafter, but on June 20, 2017, Mr. Henry too moved to withdraw, again. [Doc. 54]. Defendants did not oppose the motion, but on June 23, 2017, the Court entered an Order requiring Plaintiff to show good cause why the Motion should be granted. [Doc. 58]. The parties appeared before the Court on July 6, 2017. The next day, the Court entered an Order regarding the show cause hearing and stated:

> The Court emphasized that the Plaintiff must retain counsel if it wanted to proceed with its case. *See In re Classicstar Mare Lease Litigation*, No. 5:07-cv-353, 2009 WL 1468594, *1 (E.D. Ky. May 13, 2009) (noting that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney). In addition, the Court warned of the potential consequences if the Plaintiff did not find counsel (*i.e.,* **dismissal of its case or defaulting a counterclaim if one is filed**).

[Doc. 61] (emphasis added). Further, citing E.D. Tenn. L.R. 83.4(g), the Court did not allow Mr. Henry to withdraw until Plaintiff obtained substitute counsel. Eventually, on August 29, 2017,

2

Broderick L. Young ("Mr. Young") entered his appearance on behalf of Plaintiff. [Doc. 66]. The next day, this Court relieved Mr. Henry of his duties as counsel, noting that his "withdrawal will not delay the trial," which was then scheduled to take place more than a year later on September 4, 2018. [Doc. 67]. However, after Plaintiff's multiple subsequent motions for extensions of time, [Docs. 79, 83, 96], the trial date ultimately was pushed back to its current date of February 12, 2019.

In its final Amended Scheduling Order, this Court stated:

**NOTE: THIS TRIAL DATE WILL NOT BE RESCHEDULED EXCEPT UNDER EXTRAORDINARY CIRCUMSTANCES.**

[Doc. 114] (emphasis in original).

Despite this long history of Plaintiff's problems retaining counsel, finding substitute counsel, needing extensions of time, and this Court's warning that it would not reschedule the trial date except under extraordinary circumstances, Plaintiff apparently has once again become crosswise with its current counsel. Given the timing of this unexplained development - on the eve of trial and in the middle of pre-trial submissions - Defendants have serious concerns that granting the Motion and giving Plaintiff time to find substitute counsel would delay the trial once again, causing severe prejudice to Defendants.

## ARGUMENT

Defendants oppose Mr. Young's Motion to Withdraw, [Doc. 157], to the extent it will delay the trial, *which is less than two months away*. Mr. Young acknowledges in his Motion that "[i]t is unclear whether withdrawal will adversely affect the trial of this case currently set for February 12, 2019, or other proceedings in this case."

Federal Rule of Civil Procedure 16(n)(4) provides that "[a] schedule may be modified only for good cause." The primary consideration in determining whether good cause has been

3

shown is the moving party's diligence in attempting to meet its deadlines. Bentkowski v. Scene Mag., 637 F.3d 689, 697 (6th Cir. 2011); Barnes v. Malinak, 3:15-CV-556-PLR-HBG, 2017 WL 3161686, at *2 (E.D. Tenn. July 25, 2017). The Court should also consider if the nonmoving party would be prejudiced by the modification. Id.

Here, it does not appear that Plaintiff can demonstrate the necessary showing of good cause. Despite Mr. Young's claim that good cause exists for his withdrawal from representation, the Motion does not identify any basis at all, much less a basis constituting good cause.[1] Further, Plaintiff's continual delays and problems maintaining and securing counsel, dating back to September 2016, show that it has not made diligent attempts to meet its deadlines or maintain its required representation. Most importantly, rescheduling the trial at this late date will prejudice Defendants, who *have* worked diligently to meet deadlines and are prepared to try this case in two months. Consequently, Defendants believe Plaintiff needs to identify and demonstrate good cause to allow its counsel to withdraw and evidence that it can retain counsel quickly enough to maintain the current trial date. Otherwise, the Court should deny the Motion or dismiss the case.

Given Plaintiff's history in this case described above, dismissal would be appropriate. A court may dismiss a plaintiff's claim for failure to obtain counsel pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with a court order. A court considering dismissal under Rule 41 looks at four factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to

---

[1] To be clear, Defendants are not intending to suggest that Mr. Young is the source of the difficulty. Plaintiff has consistently failed to exhibit the behavior of a conscientious litigant and has a history of stalling this case. Thus, Defendants do not necessarily request that this Court require Mr. Young to continue representing Plaintiff. However, Defendants do oppose any further delay of this litigation, which has already been pending for two and a half years.

dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal was ordered. Schafer v. City of Defiance Police Dept., 529 F.3d 731, 737 (6th Cir. 2008). Here, as discussed above, all of the factors are present and support dismissal.

Finally, if this Court is inclined to grant Mr. Young's Motion to Withdraw, Defendants request that the pretrial and trial dates remain as currently scheduled, and that Plaintiff be allowed only a short time to retain new counsel.

## **CONCLUSION**

Despite the fact that this is *Plaintiff's* lawsuit, it has repeatedly demonstrated a failure to maintain a productive relationship with its counsel and meet Court-ordered deadlines. Defendants have been prejudiced by Plaintiff's conduct because they have been forced to defend this litigation for two and a half years, primarily due to Plaintiff's inability to maintain legal counsel and comply with discovery deadlines. As stated above, the Court has warned Plaintiff that a potential consequence of failing to retain new legal counsel is "dismissal of its case or defaulting a counterclaim." Finally, the last time Plaintiff found itself without counsel, less dramatic sanctions were already considered and imposed. Plaintiff is not entitled to yet another chance.

WHEREFORE, Defendants respectfully oppose Mr. Young's Motion to Withdraw, to the extent that it will delay the upcoming trial date. Defendants further request that, if the Court grants the Motion, it maintain the trial date and give Plaintiff only a very short window to retain new counsel, or else dismiss Plaintiff's case with prejudice for failure to prosecute.

Dated: December 17, 2018          GREENSFELDER, HEMKER & GALE, P.C.

By /s/ David M. Harris
David M. Harris, MBE #32330 (*pro hac vice*)
Caitlin M. Meyers, MBE #68381 (*pro hac vice*)
Tali L. Katz, MBE #68788 (*pro hac vice*)
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Phone: (314) 241-9090
Fax: (314) 345-5465
dmh@greensfelder.com
cmeyers@greensfelder.com
tkaz@greensfelder.com

WOOLF, MCCLANE, BRIGHT, ALLEN &
CARPENTER, PLLC
W. Kyle Carpenter (BPR #005332)
Dean T. Howell (BPR #022130)
P.O. Box 900
Knoxville, TN 347901-0900
Phone: (865) 215-1000
Fax: (865) 215-1001
kcarpenter@wmbac.com
dhowell@wmbac.com

*Attorneys for Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US, and Motiva Enterprises LLC*

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system, this 17th day of December 2018, upon all counsel of record.

Broderick L. Young
Paul E. Wehmeier
ARNETT, DRAPER & HAGOOD, LLP
P. O. Box 300
2300 First Tennessee Plaza
Knoxville, TN 37901-0300
865-546-7000 (voice)
865-546-0423 (fax)
byoung@adhknox.com
pwehmeier@adhknox.com
Attorney for Plaintiff Hoskins Oil Company, LLC

                                                     /s/David M. Harris