IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| **HOSKINS OIL COMPANY, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 3:16-cv-00417-JRG-DCP |
| **EQUILON ENTERPRISES LLC d/b/a SHELL** ) | **HEARING REQUESTED** |
| **OIL PRODUCTS US and MOTIVA** ) | |
| **ENTERPRISES LLC,** ) | |
| ) | |
| **Defendants.** ) | |

**RESPONSE IN OPPOSITION TO REFINER DEFENDANTS' MOTION TO EXCLUDE HOSKINS OIL COMPANY, LLC'S EXPERT WITNESS**

Plaintiff, Hoskins Oil Company, LLC ("HOC"), by counsel, files this Response in Opposition to Equilon Enterprises LLC d/b/a Shell Oil Products US and Motiva Enterprises LLC's (hereinafter referred to collectively as "Refiner Defendants") Motion to Exclude Hoskins Oil Company, LLC's Expert Witness [Doc. 160] because HOC's actions supplementing its Expert Disclosure served on Refiner Defendants complied with the Court's Amended Scheduling Order and the Federal Rules of Civil Procedure and the Refiner Defendants have not been prejudiced or harmed by the timing of the supplemental disclosure.

*Facts*

HOC served its Expert Disclosure of Michael T. Harvey, CPA/ABV/CFF, CFE, CGMA and his attached Expert Report on January 25, 2015, in compliance with the Court's Order [Doc. 96]. (HOC attaches its Expert Disclosure and attached Expert Report as **Exhibit A**). In preparation for its initial exchange of pretrial material as ordered in the Court's Amended Scheduling Order

Plaintiff's Response in Opposition to Refiner Defendants'
Motion to Exclude Plaintiff's Expert Witness Page 1
Case 3:16-cv-00417-JRG-DCP Document 162 Filed 12/19/18 Page 1 of 5 PageID #: 2491

[Doc. 114], Plaintiff provided a supplemental report which contained the following supplementation:

    a. Changed the term "joint venture with Red Hed" to say "an agreement with Red Hed" throughout the report;
    b. Changed the report date on all pages;
    c. Added the section "Application of Discount Rate" on pages 21 and 22;
    d. Revised the pages 23 through 24 to reflect the application of the discount rate on the lost profit analysis;
    e. Revised the conclusion amounts on page 25 to reflect the discount rate;
    f. Added another resource on page 26 – the last bullet point for the discount rate resource used; and
    g. Revised Exhibits 6 and 7, pages 42 and 43 to reflect the application of the discount rates.

(HOC's Supplemental Expert Disclosure and the attached Expert Report are attached hereto as **Exhibit B**).

In compliance with Federal Rule of Civil Procedure 26(a)(2)(E), 26(e) and 26(a)(3), HOC served Refiner Defendants with its Supplemental Expert Disclosure on December 11, 2018--some sixty-three (63) days before trial. The only substantive change to Mr. Harvey's Expert Report was an inclusion of a 22% discount rate on Plaintiff's damages which had the effect of reducing his opinion of HOC's damages from a range of $1,386,000.00 to $1,478,000.00 to a range of $899,000.00 to $958,000.00. *See* December 10, 2018 Expert Report of Michael T. Harvey, [Doc. 160-5, PageID# 2461-2465].

Somewhat puzzling to this filing, is the fact that the discount rate employed by Mr. Harvey, and apparently which now concerns Refiner Defendants, is actually greater than the 15% to 20% discount rate range originally suggested by their own expert, W. James Lloyd, several times before later equivocating on the subject. (Dep. Lloyd p. 59-60, 83-85) (A copy of pertinent pages of Mr. Lloyd's deposition are attached as **Exhibit C**).

Plaintiff's Response in Opposition to Refiner Defendants'
Motion to Exclude Plaintiff's Expert Witness      Page 2
Case 3:16-cv-00417-JRG-DCP    Document 162    Filed 12/19/18    Page 2 of 5    PageID #: 2492

## *Law and Argument*

As noted above, the Court ordered that HOC provide its Expert Disclosure under Fed. R. Civ. P. 26 by January 25, 2018. HOC complied by serving the material required under Rule 26 to Refiner Defendants on January 25, 2018. The deadline for parties to supplement expert reports is not expressly addressed in the Court's Amended Scheduling Order, and therefore said deadline is controlled by Fed. R. Civ. P. 26(e) and 26(a)(3).

Fed. R. Civ. P. 26(a)(2)(E), governing expert disclosures, states: "[t]he parties must supplement these disclosures when required under Rule 26(e)." Rule 26(e) creates a general rule that a party must "correct" "the disclosure . . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" With respect to experts, however, any correction to information included in the report or information given in a deposition "must be disclosed by the time the parties pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Fed. R. Civ. P. 26(a)(3) sets the deadline for pretrial disclosures to at least thirty days before trial, "[u]nless the court orders otherwise[.]" Here, the Court's Amended Scheduling Order requires pretrial disclosures to be exchanged by December 11, 2018. *See generally*, [Doc. 114, PageID# 1733-1734].

It is undisputed that Plaintiff did in fact comply with this deadline by providing the supplementary report of Mr. Harvey on December 11, 2018. Accordingly, HOC clearly complied with this Court's orders and the Federal Rules of Civil Procedure. While Refiner Defendants argue that HOC should have known that a discount rate should be applied by the time of Refiner Defendants' expert disclosure on March 23, 2018, HOC's expert did not agree that a discount rate was appropriate until well after his deposition and the deposition of Refiner Defendants' expert had been taken. Further, Mr. Harvey did not provide a final opinion as to what discount rate should

Plaintiff's Response in Opposition to Refiner Defendants'
Motion to Exclude Plaintiff's Expert Witness                                                                                         Page 3
Case 3:16-cv-00417-JRG-DCP   Document 162   Filed 12/19/18   Page 3 of 5   PageID #: 2493

be employed and how the rate would affect his opinion as to Plaintiff's damages until December 10, 2018.

Finally, with respect to Refiner Defendants puzzling claim that HOC's December 11, 2018 supplemental disclosure has harmed them, the facts are contradicted by their own motion and the realities of this case. By his own admission, Refiner Defendant's Expert claims a discount rate should be applied to HOC's damages in this case. (Lloyd Dep. p. 59-60). Counsel for Refiner Defendants asked Mr. Harvey about this matter at deposition and they have his answers. They further have an expert who is anticipated to testify at trial and can address Mr. Harvey's opinions.

Furthermore, Mr. Harvey's decision to apply a discount rate after further reflection resulted in HOC having to reduce its lost profits component of damages by between $487,000.00 and $520,000.00. This is so because Mr. Harvey conducted an analysis and applied a discount rate greater than the range initially suggested by Refiner Defendant's expert at Mr. Lloyd's deposition. As such, the supplementation does nothing to harm Refiner Defendants. If the jury adopts the discount rate suggested by Mr. Harvey instead of Refiner Defendants Expert, Refiner Defendants will substantially benefit by Mr. Harvey's supplementation. And, Refiner Defendants remain able to question Mr. Harvey about his decision to supplement his report at trial. As such, Mr. Harvey should be permitted to testify at trial and his supplemental report should be admitted into evidence.

*Conclusion*

Because HOC timely, and in conformity with this Court's Amended Scheduling Order and the Federal Rules of Civil Procedure, supplemented the report of its expert, Michael T. Harvey, CPA/ABV/CFF, CFE, CGMA, and because Refiner Defendants cannot show it was prejudiced or harmed by the contents of the supplemental disclosure, Plaintiff respectfully requests that the Court deny Refiner Defendant's motion to exclude HOC's expert from trial.

Plaintiff's Response in Opposition to Refiner Defendants'
Motion to Exclude Plaintiff's Expert Witness                                          Page 4
Case 3:16-cv-00417-JRG-DCP   Document 162   Filed 12/19/18   Page 4 of 5   PageID #: 2494

Respectfully submitted this 19th day of December, 2018.

                                                               ARNETT, DRAPER & HAGOOD, LLP

                                      By:   */s/ Broderick L. Young*
                                                Broderick L. Young, BPR #019668

                                                  /s/Paul E. Wehmeier
                                                Paul E. Wehmeier, BPR #030400
                                                *Attorneys for Plaintiff*

ARNETT, DRAPER & HAGOOD, LLP
P.O. Box 300
Knoxville, TN 37901-0300
(865) 546-7000

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and exact copy of this pleading or document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by delivering a true and exact copy of said pleading or document to the office of said counsel or by placing a true and exact copy of said pleading or document in the United States Mail, addressed to said counsel, with sufficient postage thereupon to carry the same to its destination. Parties may access this filing through the Court's electronic filing system.

       This the 19th day of December, 2018.

                                                                ARNETT, DRAPER & HAGOOD, LLP

                                                           By:   */s/ Paul E. Wehmeier*
                                                                       Paul E. Wehmeier

Plaintiff's Response in Opposition to Refiner Defendants'
Motion to Exclude Plaintiff's Expert Witness                                      Page 5
Case 3:16-cv-00417-JRG-DCP   Document 162   Filed 12/19/18   Page 5 of 5   PageID #: 2495