UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HOSKINS OIL COMPANY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CV-417-JRG-DCP |
| ) | |
| EQUILON ENTERPRISES, LLC d/b/a ) | |
| SHELL OIL PRODUCTS US, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw [Doc. 157], filed by Plaintiff's counsel ("Movants"). By way of background, the Court addressed the Motion at a hearing on December 20, 2018. Attorneys Broderick Young and Paul Wehmeier appeared on behalf of Plaintiff. Attorneys David Harris and Dean Howell appeared on behalf of Defendants. Jeff Hoskins and Carla Hoskins, the co-owners of Plaintiff, were also present at the hearing. At the conclusion of the hearing, Attorney Young agreed to continue as counsel of record for a limited period in an attempt to explore a resolution of this case. The Court agreed that allowing the parties time to negotiate was the best course of action, and the undersigned held the Motion to Withdraw in abeyance. The Court ordered [Doc. 188] the parties to file a joint status report on or before January 3, 2019, as to whether they resolved this case and whether a ruling on the Motion to Withdraw was necessary.

On January 3, 2019, the parties filed a Joint Status Report [Doc. 195], which states that they have not settled this case and that Plaintiff has not retained new counsel. Accordingly, a ruling on the Motion to Withdraw [**Doc. 157**] is necessary, and for the reasons more fully explained below, the Court **DENIES** the Motion.

I.   POSITIONS OF THE PARTIES

The Motion states that good cause exists for Movants' withdrawal and that it is unclear whether the withdrawal will adversely affect the trial of this case, which is currently set for February 12, 2019. Further, the Motion states that Movants' withdrawal can be accomplished without material adverse effect on Plaintiff's interests. The Motion provides Plaintiff's mailing address, telephone number, and email address. Further, Movants certify that they provided a copy of the Motion to Plaintiff at least fourteen (14) days prior to the date of filing.

Defendants filed a Response [Doc. 161] in opposition to the Motion. First, Defendants assert that Movants failed to identify good cause required by the rules to justify withdrawing as counsel. In addition, Defendants argue that if new counsel were allowed, this could impact the trial date. Defendants also argue that the Court should dismiss this case if Movants withdraw, given its history and Plaintiff's continual delays and problems maintaining and securing counsel.

II.   ANALYSIS

The Court has considered the Motion, along with the representations at the December 20 hearing. Accordingly, for the reasons explained below, the Court finds the Motion to Withdraw [**Doc. 157**] not well taken, and it is **DENIED**.

At the hearing, Movants explained that they were not being paid for their services. Movants stated that the issue arose in the summer and that the situation was continuing. Movants submitted that they continued as counsel for Plaintiff for quite some time, despite its inability to

pay for all of the legal services, and that they should not be penalized for their continued involvement. Movants acknowledged that if they were permitted to withdraw, the parties would not be able to proceed to trial in February 2019. Movants stated that Plaintiff's inability to pay constitutes extraordinary circumstances given the expense of a seven-day trial with the use of experts. Movants contended that they could not bear that expense. Carla Hoskins stated that she and her husband are trying to arrange a payment plan.

The Court will first discuss the governing law with respect to withdrawing from a case and then turn to the present facts.

### 1. Law Governing Attorney Withdrawals

The Motion cites Rule 1.16 of the Tennessee Rules of Professional Conduct. This Court has expressly adopted the Tennessee Rules of Professional Conduct. *See* E.D. Tenn. L.R. 83.6 ("The Rules of Professional Conduct adopted by the Supreme Court of Tennessee are hereby adopted as rules of professional conduct insofar as they relate to matters within the jurisdiction of this Court."). At the hearing, Movants cited specifically to Rule 1.16(b)(5), which provides as follows:

> b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.

Further, the Court observes that Rule 1.16(c) states, "A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Tenn. Rules Prof'l Conduct r. 1.16(c).

In analyzing similar rules of professional conduct, the Sixth Circuit has noted, "And while these rules stop short of guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Brandon v. Blech*, 560 F.3d 526, 538 (6th Cir. 2009). The Sixth Circuit has also identified situations when a district court should prohibit counsel from withdrawing. *Id.* Specifically, the Sixth Circuit has explained that "attorneys may forfeit [their] right to withdraw when they engage in strategically-timed or coercive behavior, like waiting until a client is 'over a barrel' before demanding payment." *Id.* "Likewise, a district court may forbid withdrawal if it would work severe prejudice on the client or third parties." *Id.*

The Court's Local Rules also govern when attorneys may withdraw from cases. Specifically, pursuant to Local Rule 83.4(g), in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

With respect to corporations, Local Rule 83.4(g) provides, "If a client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, *absent extraordinary circumstances,* shall not allow the attorney to withdraw until the client has obtained substitute counsel." (Emphasis added).

Given the above guidance, the Court will now turn to the issues in the present matter.

**2. Motion to Withdraw**

In the instant matter, Movants request to withdraw as counsel of record for Plaintiff due to Plaintiff's inability to pay. The Court finds that Movants' Motion meets the procedural requirements in Local Rule 83.4(g)—that is, filing the Motion that includes the proper information and providing a copy of the Motion to Plaintiff prior to filing. Further, there is no dispute that Plaintiff has failed substantially to fulfill an obligation regarding Movants' services, and Movants have provided Plaintiff with reasonable warning that Movants will withdraw unless the obligation is fulfilled. Tenn. Rules Prof'l Conduct r. 1.16(b)(5). Thus, Movants' withdrawal is presumptively appropriate.

As explained above, however, the Sixth Circuit has identified several occasions where withdrawal is prohibited. *Brandon*, 560 F.3d at 538. For example, an attorney should be prohibited from withdrawing if he/she forfeited such right by engaging in strategically-timed or coercive behavior. Here, Plaintiff's financial issues arose in the summer of 2018, and Movants did not file their Motion until December 7, 2018. Although Movants did not file their Motion until much later after the issues arose, Movants explained at the hearing that they tried to work with Plaintiff on a payment plan, but such efforts were not successful in resolving the issues. Thus, the Court does not find that Movants engaged in strategically-timed or coercive behavior.

The Sixth Circuit has also explained that courts should prohibit withdrawal if it will result in severe prejudice on the client or third parties. *Brandon*, 560 F.3d at 538. In the present matter, the Court finds Plaintiff would be severely prejudiced should its counsel be permitted to withdraw for two reasons: (1) the timing of the Motion, and (2) Plaintiff's status as a corporation. First, Movants' Motion was filed on December 7, 2018, approximately two months before the trial date and approximately one month before the final pretrial conference date. *Compare King v. Curtin*, 610 F. App'x 534, 538 (6th Cir. 2015) ("This court has quoted with approval a decision permitting withdrawal when the case is clearly in the noncritical stage, as it has not yet proceeded beyond discovery.") (internal quotations and citations omitted). When Movants filed their Motion on December 7, 2018, a majority of the deadlines had already expired, including the deadline to complete discovery. As evidenced by the deadlines in the Scheduling Order, at the time the Motion was filed, the parties were in final trial preparation stages. *See* [Doc. 114] (explaining that exhibits and witness lists were due by December 11, 2018, depositions for proof must be taken on or before December 11, 2018, motions in limine must be filed by December 22, 2018, and so forth).

Given the trial date and expired pretrial deadlines, this is certainly not the time to attempt to secure new counsel. Further, securing new counsel this late in the litigation is highly unlikely. Thus, the Court finds that the case is in its critical stages, rendering Movants' withdrawal severely prejudicial to Plaintiff. *See also* E.D. Tenn. L.R. 83.4(g) ("This Court may refuse to allow an attorney to withdraw if doing such will delay the trial or for other good reason.").

In addition, the Court finds Movants' withdrawal severely prejudicial to Plaintiff because Plaintiff is a corporation and cannot proceed pro se. It is well established within this Circuit that corporations cannot appear in federal court except through a licensed attorney. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation

cannot appear in federal court except through an attorney."). With a trial date, now approximately a month away,[1] allowing Movants to withdraw would simply forfeit Plaintiff's case because Plaintiff cannot proceed pro se. Further, Defendants have filed a counterclaim against Plaintiff. If Movants withdraw, Defendants could seek a default judgment with respect to their counterclaim. *See Shapiro, Bernstein & Co. v. Cont'l Record Co.,* 386 F.2d 426, 427 (2d Cir. 1967) (finding default judgment appropriate because the defendant corporation failed to defend under Rule 55 when it disregarded the court's order to retain substitute counsel, which explained defendant could not proceed without an attorney); *Peterson v. Sunderman*, No. 10-114-DLB-JGW, 2010 WL 11520493, at *1 (E.D. Ky. Oct. 6, 2010) ("When a corporation is unrepresented by counsel, an opposing party may seek the entry of default under Rule 55(a), ultimately followed by the entry of default judgment under Rule 55(b)); *GCIU-Employer Ret. Fund v. Amerigraph, LLC*, No. 2:06-CV-1072, 2008 WL 762082, at *1 (S.D. Ohio Mar. 20, 2008) (granting plaintiff's motion for default judgment against a corporate defendant after defendant's counsel withdrew and defendant failed to obtain substitute counsel).

The Court notes that it is not holding that attorneys can never withdraw from representing corporations. The Court's Local Rules permit such withdrawals after a showing of extraordinary circumstances. E.D. Tenn. L.R. 83.4(g) (explaining that the Court shall not allow the attorney to withdraw from representing a corporation absent extraordinary circumstances). Instead, the Court finds Plaintiff's status as a corporation, coupled with the timing of the Motion, renders Movants' request to allow withdrawal in this case too prejudicial to Plaintiff. *See KCI USA, Inc. v. Healthcare Essentials, Inc.,* No. 1:14CV549, 2018 WL 1419447, at *2 (N.D. Ohio Mar. 21, 2018)

---

[1] As mentioned above, the Court set a hearing on the Motion for December 20, 2018. At Plaintiff's counsel's request, the Court held the Motion in abeyance so that the parties could engage in settlement negotiations.

(denying counsel's motion to withdraw because defendants were corporate entities that cannot proceed pro se and because the case had been pending for a substantial length of time and was at a critical stage).

In rendering this decision, policy concerns have not escaped the undersigned, and the Court is not unsympathetic to Movants' situation. The Sixth Circuit has observed that "compelling attorneys to continue representing clients who refuse to pay imposes a severe burden." *Brandon*, 560 F.3d at 538. Specifically, the Court noted as follows:

> It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurances that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement.

*Id.* (quoting *Rivera-Domenech v. Calvesbvert Law Offices PSC* 402 F.3d 246, 248 (1st Cir. 2005)).

Here, however, the prejudice to Plaintiff, identified above, simply outweighs Movants' burden. The Court notes that neither the Motion, nor Movants' representations at the hearing provided the Court with sufficient detail as to how proceeding in this case will actually impact Movants, financially or otherwise. Accordingly, for the reasons stated above, the Court finds Movants' request not well taken.

## III. CONCLUSION

Accordingly, for the reason set forth above, the Court hereby **DENIES** the Motion to Withdraw [**Doc. 157**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge