UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| HOSKINS OIL COMPANY, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:16-CV-417-JRG-DCP |
| EQUILON ENTERPRISES, LLC d/b/a SHELL OIL PRODUCTS US, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court on January 17, 2019, for a motion hearing on Defendants' Motion to Exclude Plaintiff's Expert for Violation of the Court's Amended Scheduling Order ("Motion to Exclude") [Doc. 160].[1] Attorneys Broderick Young and Paul Wehneier appeared on behalf of Plaintiff. Attorneys David Harris, Tali Katz, and Dean Howell appeared on behalf of Defendants. Accordingly, for the reasons further explained below, Defendants' Motion to Exclude [**Doc. 160**] is **DENIED**.

### I.   POSITIONS OF THE PARTIES

In their Motion [Doc. 160], Defendants request that the Court exclude Plaintiff's expert witness because Plaintiff violated the Court's Amended Scheduling Order. Specifically, Defendants state that on January 25, 2018, Plaintiff served Defendants with its expert disclosure, identifying Michael Harvey ("Harvey") as its expert witness who will testify to Plaintiff's

---

[1] The Court also addressed the parties' Motions in Limine at the hearing. The Court will rule on the Motions in Limine in a separate order.

damages. Defendants state that in his original expert report, Harvey did not apply a discount rate to reduce his calculation of damages, and therefore, did not comply with the standards of the American Institute of Certified Public Accountants ("AICPA"). On March 13, 2018, Defendants deposed Harvey and questioned whether Harvey intended to apply a discount rate. Harvey responded, "No." Defendants state they disclosed their expert, James Lloyd ("Lloyd"), on March 23, 2018, and that Lloyd opined that Harvey committed a number of mistakes, including the failure to apply a discount rate to his calculation of alleged lost profits. Defendants state that on December 11, 2018, Plaintiff served them with a Supplemental Expert Disclosure, wherein Harvey applies a discount rate to his lost profit calculation. Defendants maintain that the deadline to disclose expert testimony expired on March 13, 2018, and that Plaintiff's Supplemental Expert Disclosure is untimely. Defendants argue that the Supplemental Expert Disclosure is not based on any new evidence and that it was submitted only two months before trial. Defendants assert that Plaintiff has been on notice of the defect in Harvey's report for nine months, and it provides no explanation as to why its expert failed to include the discount rate in his original report. Defendants state that if the Court were to allow the Supplemental Expert Report, the parties would need to reopen expert discovery, including redeposing Harvey.

Plaintiff responds [Doc. 162] in opposition to the Motion. Plaintiff states that the only substantive change to Harvey's expert report is the inclusion of a 22% discount rate on Plaintiff's damages, which had the effect of reducing the amount of damages. Plaintiff states that it provided the Supplemental Expert Disclosure on December 11, 2018, which is sixty-three (63) days from trial, and therefore, a proper disclosure under Federal Rule of Civil Procedure 26(a)(2)(E). Further, Plaintiff contends that Defendants have not been harmed by its Supplemental Expert Disclosure. Plaintiff explains that Defendants' experts have applied a discount rate to Plaintiff's damages. In

addition, Plaintiff argues that Harvey's decision to apply a discount rate after further reflection resulted in Plaintiff having to reduce its requested amount of lost profits. Plaintiff states that Defendants may ask Harvey about his decision to supplement at the trial.

Defendants filed a Reply [Doc. 192], maintaining that Plaintiff's opposition fails to explain why it waited nine months to make significant changes to its expert disclosures. Defendants argue that Plaintiff's unexplained delay in supplementing its expert disclosure violates the Court's Amended Scheduling Order and the Federal Rules of Civil Procedure. Defendants submit that Plaintiff did not supplement the expert disclosure in a timely manner and that Plaintiff's delay harms Defendants and threatens to delay the trial. Defendants assert that allowing Harvey to completely change his methodology and conclusions without allowing Defendants the opportunity to re-depose him regarding the basis for the change and to issue a new rebuttal expert report would severely prejudice them.

## II.     ANALYSIS

The Court has considered the parties' filings and the oral arguments presented at the hearing on January 17, 2019. Accordingly, for the reasons explained below, the Court finds Defendants' Motion to Exclude [**Doc. 160**] not well taken, and the same is **DENIED.**

As summarized above, Defendants seek to exclude Harvey because Plaintiff submitted his Supplemental Expert Report on December 11, 2018, wherein Harvey applies a discount rate to Plaintiff's lost profits. Defendants argue that the Supplemental Expert Report is untimely and that Harvey's application of a discount rate harms Defendants and threatens to delay the trial.[2] At the hearing, Defendants argued that they intended to impeach Harvey because he originally did not

---

[2] The Court observes that the trial in this case was originally set to begin on February 12, 2019. [Doc. 114]. Due to scheduling conflicts with other jury trials, however, this case was continued to April 22, 2019. [Doc. 234].

apply a discount rate in accordance with the standards of the AICPA. Defendants asserted that they cannot sufficiently impeach Harvey now that he uses a discount rate. Defendants stated that the Court should prohibit Harvey from testifying, or in the alternative, strike his Supplemental Expert Report.

Plaintiff argued at the hearing that Defendants have not cited any basis to exclude Harvey as an expert witness. Plaintiff stated that Defendants may cross examine Harvey as to why he decided to apply a discount rate.

As an initial matter, Defendants request that Harvey be precluded from testifying in this case. Pursuant to the Scheduling Order [Doc. 114], Plaintiff's expert disclosures were due on March 13, 2018. Plaintiff disclosed Harvey on January 25, 2018, and therefore, such disclosure is timely. Thus, the Court finds no basis to exclude Harvey from testifying in this case. Instead, the questions before the Court are whether Harvey's Supplemental Expert Report is a proper supplementation and whether it is timely.

Defendants argue that Plaintiff's Supplemental Expert Report is not a proper supplementation, and therefore, should have been provided by the original expert disclosure deadline. Federal Rule of Civil Procedure 26(e)(2) provides three circumstances for allowing an expert to supplement: (1) to correct an error or inaccuracy; (2) to respond to an opposing expert pointing out gaps in the supplementing expert's chain of reasoning; or (3) to reflect an expert's changed opinion. *Eiben v. Gorilla Ladder Co.,* No. 11-CV-10298, 2013 WL 1721677, at *6 (E.D. Mich. Apr. 22, 2013) (other citations omitted). Here, Harvey originally opined that applying a discount rate with respect to the lost profit analysis was not necessary. On December 11, 2018, he corrected his original opinion by asserting that a discount rate of 22% on lost profits is proper. The Court finds Harvey's recent disclosure a proper supplement, wherein he simply changes his

opinion regarding whether a discount rate should be applied to Plaintiff's alleged lost profits calculation.

Rule 26(e)(2) governs the timing of supplementing expert disclosures.[3] Specifically, Rule 26(e)(2) provides as follows:

> **(2) *Expert Witness.*** For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Rule 26(a)(3) requires that the parties exchange pretrial disclosures thirty (30) days prior to trial. Fed. R. Civ. P. 26(a)(3) ("Unless the court orders otherwise, these disclosures must be made at least 30 days before trial."). Because the Supplemental Expert Report was provided to Defendants on December 11, 2018, the Court finds it to be timely.

As a final matter, even if the Court determined that Harvey's Supplemental Expert Disclosure was not a proper supplementation, and therefore, untimely, the Court finds that any failure to properly disclose harmless in this case. *See* Fed. R. Civ. P. 37(c)(1) (explaining that if a party fails to timely disclose a witness, the party is not allowed to use that witness unless the failure is substantially justified or harmless). The Sixth Circuit has set forth a five-factor test to determine whether a party's late disclosure is substantially justified or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

---

[3] The Court observes that Defendants cite to Rule 26(e)(1), which provides that a party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure or response "in a timely manner." Rule 26(e)(2), however, speaks directly to expert witness disclosures. Thus, the Court will rely on Rule 26(e)(2).

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). The Court has weighed these factors, and the Court finds that they weigh in favor of permitting Plaintiff's Supplemental Expert Disclosure.

While Harvey's opinion that a discount rate should be applied to the calculation of Plaintiff's lost profits is a surprise to Defendants, the Court finds Defendants have the ability to cure the surprise. Defendants argue that Harvey's Supplemental Expert Disclosure will delay the trial because Defendants need to redepose Harvey and submit an expert rebuttal report. The trial has already been continued in this matter, which allows Defendants sufficient time to discuss Harvey's changes with their expert witness. Further, the Court finds that Defendants may properly cross examine Harvey on the stand as to why he believes a discount rate is now appropriate.

At the hearing, when the Court inquired as to any prejudice in permitting the Supplemental Expert Disclosure, Defendants asserted that they intended to impeach Harvey because he failed to apply a discount rate, and now, they can no longer do so. Without making a finding as to whether this actually constitutes prejudice, the Court notes that Defendants are not prohibited from asking Harvey on the stand why he failed to apply a discount rate in his original report, why he testified under oath that it was not necessary to apply a discount rate, and why he later amended his opinion to include a discount rate. The Court observes that Harvey's application of a discount rate is important as both sides agree that using a discount rate is the proper method to calculate Plaintiff's alleged lost profits. Although Harvey did not explain why he provided his Supplemental Expert Report until December 11, 2018, the Court finds that the other factors weigh in Plaintiff's favor. Accordingly, the Court finds Defendants' argument not well taken.

### III. CONCLUSION

Accordingly, for the reasons explained above, the Court **DENIES** Defendants' Motion to Exclude Plaintiff's Expert for Violation of the Court's Amended Scheduling Order. [**Doc. 160**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge