UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HOSKINS OIL COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-417-JRG-DCP |
| | ) | |
| EQUILON ENTERPRISES, LLC d/b/a | ) | |
| SHELL OIL PRODUCTS US, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court on January 17, 2019, for a motion hearing on the parties' Motions in Limine [Docs. 163, 164, 165, 166, 167, 169, 170, 171, 172, 173, 176, 177, 178, 179, 181, 183, 184, 185, 186, and 190]. In addition, Plaintiff filed objections [Doc. 189] to Defendants' Exhibit List. Attorneys Broderick Young and Paul Wehmeier appeared on behalf of Plaintiff. Attorneys David Harris, Tali Katz, and Dean Howell appeared on behalf of Defendants.

As an initial matter, the parties agreed during the hearing that the following Motions were moot: [Docs. 167, 172, 173, 177, 179, and 184]. Accordingly, the Court hereby **DENIES AS MOOT** these Motions in Limine [**Docs. 167, 172, 173, 177, 179, and 184**].[1]

The Court will now turn to the remaining Motions in Limine and address them in the order in which they were filed.

---

[1] The Court notes that both parties agreed that if the other party opened the door at trial for evidence that is subject to a Motion in Limine, the other party would be allowed to ask questions relating to the evidence that is subject to each Motion.

I. ANALYSIS

The Court has considered the parties' filings, along with the oral arguments presented at the January 17 hearing. Accordingly, the Court finds as follows:

**A. Plaintiff's Objection and Motion in Limine to Defendants' Deposition Designations of Wes Carruthers [Doc. 163]**

Plaintiff objects to Defendants' attempt to offer the deposition testimony of Wes Carruthers ("Carruthers"). Plaintiff argues that Carruthers does not qualify as a witness who may testify by deposition designation under Federal Rules of Civil Procedure 32(a)(3) or (4). Plaintiff states that Carruthers is not a party to this lawsuit and has not been established as unavailable. Further, Plaintiff argues that it was not provided with the actual deposition excerpts that Defendants seek to offer into evidence.

Defendants assert that Plaintiff took the deposition of Carruthers as the Rule 30(b)(6) representative for Downey Oil Company, Inc. ("Downey Oil"). Defendants cite Rule 32(a)(3) in support of their position that they may rely on his deposition testimony. Further, they assert that they will not submit Carruthers's deposition testimony, unless the Court denies their Motion in Limine Number 5 and Plaintiff introduces evidence that Defendants improperly contacted other wholesalers. Finally, Defendants argue that it is not their responsibility to provide Plaintiff with a copy of deposition transcripts.

Rule 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." In the present matter, Carruthers testified on behalf of Downey Oil when it was a defendant in this matter. The Court finds that Carruthers is not an adverse witness to Defendants, and therefore, using his deposition testimony pursuant to Rule 32(a)(3) is impermissible. At the hearing, Defendants argued that Carruthers could be adverse

because Defendants could have blamed each other for the alleged violations. Defendants acknowledged, however, that Downey Oil did not take this position. Defendants also stated that Carruthers has a health condition that may prevent his attendance at trial. Without more, this conclusionary statement does not establish that he is unavailable under Rule 32(a)(4). Accordingly, Plaintiff's Objection and Motion in Limine to Defendant's Deposition Designations of Wes Carruthers [**Doc. 163**] is **GRANTED**.

B. **Defendants' Motion in Limine Number 1 [Doc. 164]**

Defendants seek to exclude argument or testimony relating to Plaintiff's unearned incentive money. Defendants state that if Plaintiff met its monthly minimum, Defendants agreed to pay Plaintiff incentive money. Defendants argue that Plaintiff failed to meet the monthly fuel minimum, and therefore, Defendants withheld the incentive money. Defendants argue that any testimony or argument relating to unearned incentive money is irrelevant. Plaintiff asserts that Defendants' obligation to pay Plaintiff incentive money was predicated on meeting the minimum gallon requirements under the Wholesale Marketing Agreements ("WMAs") and Border Agreement. Plaintiff argues that to the extent the WMAs and Border Agreement were unreasonable and not in good faith with respect to the termination, the same provisions also resulted in Defendants' failure to pay Plaintiff incentive money. Plaintiff argues that this failure results in damages.

At the hearing, Defendants argued that unearned incentives are performance damages and that the Petroleum Marketing Practices Act ("PMPA") is not a vehicle for such damages. Further, Defendants argued that Plaintiff never disclosed unearned incentives as part of its damages during discovery in this case. Specifically, Defendants explained that Plaintiffs did not identify such

3

damages in its initial disclosures or in response to the interrogatories, and Plaintiff did not supplement its discovery responses to include unearned incentives as part of its damages.

Plaintiff objected to Defendants' argument that it did not disclose such damages, stating that Defendants' argument is outside the basis of the Motion. Further, Plaintiff responded that it included such damages in its trial plan and that the amount was identified during the deposition of Manuel Payan, Defendants' employee, which occurred in the summer.

The Court has considered Defendants' oral argument that damages for unearned incentives were not previously disclosed because it was made in reply to Plaintiff's written response to the Motion. Further, both parties had sufficient time to argue their positions at the motion hearing. The Court finds that testimony or argument relating to unearned incentives is not relevant to whether Defendants violated the PMPA by terminating the parties' agreements because Plaintiff allegedly did not meet the annual minimum gallon requirement. Further, the Court finds that Plaintiff cannot now claim unearned incentives as part of its damages because it never supplemented its initial disclosures or responses to interrogatories to identify such damages to put Defendants on notice that unearned incentives were part of its damages claim. *See* Fed. R. Civ. P. 37(c). Plaintiff acknowledged that it learned the amount of the unearned incentives in the summer, but Plaintiff did not supplement discovery and only included such damages in its trial plan. The Court finds it unfair to allow Plaintiff to claim such damages this late in the litigation. Accordingly, the Court finds Defendants' Motion in Limine Number 1 [**Doc. 164**] well taken, and it is **GRANTED**.

### C. Defendants' Motion in Limine Number 2 [Doc. 165]

Defendants seek to exclude argument or testimony with respect to requiring Plaintiff to repay $70,000 in recapture money as a result of selling one of its retail locations in 2013.

Defendants argue that such testimony is irrelevant and will likely confuse the issues and mislead the jury. Plaintiff intends to argue that the circumstances surrounding the demand for the recapture money and the payment for the recapture, which was made in September 2013 and a prerequisite to obtaining the SOPUS WMA and Border Agreement, is evidence that the minimum gallon provision was unreasonable and not in good faith. Plaintiff argues that Defendants began setting obstacles to inhibit Plaintiff in receiving the SOPUS WMA and Border Agreement and that one of those obstacles was the immediate repayment of capture money, which Defendants claimed that Plaintiff owed.

At the hearing, Plaintiff argued that it did not dispute that the recapture money was due. Plaintiff insisted, however, that the demand for the recapture money was another obstacle in obtaining the agreements at issue. Defendants argued that the recapture money is irrelevant to the 6.75 million annual minimum gallon requirement contained in the parties' agreements.

The Court declines to exclude evidence or argument relating to the requirement that Plaintiff pay $70,000 in recapture money. Defendants have acknowledged that Plaintiff had to pay $70,000 in recapture money that it owed Defendant Motiva Enterprises, LLC, as a condition to the parties entering into the agreements. *See* [Doc. 219 at 7]. Thus, the Court finds such evidence necessary background information. Further, Plaintiff has argued that Defendants created obstacles in order to delay the execution of the parties' agreement in order to limit the contributions from Red Hed Oil Company ("Red Hed"). Whether Red Hed's contributions should have counted towards Plaintiff's minimum gallon requirement is a central issue in this case. Accordingly, Defendants' Motion in Limine Number 2 [**Doc. 165**] is **DENIED.**

**D.     Defendants' Motion in Limine Number 3 [Doc. 166]**

Defendants request that the Court exclude any argument or testimony that Plaintiff transferred locations to Lykins Oil in 2010 because Plaintiff believed that it would get a SOPUS WMA and the Border Agreement. Defendants assert that such testimony or argument is irrelevant, unreliable, and likely to confuse the issues and mislead the jury. Plaintiff asserts that prohibiting such argument or testimony would remove necessary context and explanation as to why Plaintiff felt it was entitled to the SOPUS WMA and Border Agreement. In addition, Plaintiff states that it was Defendants' failure to meaningfully follow through on the original 2009 promise that led to Paul Stanifer's directive to allow the sub-jobber requirements to count towards Plaintiff's minimum gallon requirements.

At this time, the Court will not exclude any argument or testimony that Plaintiff transferred locations to Lykins Oil in 2010 as such information is necessary background information to show what led the parties to agree to the WMAs and the Border Agreement, especially in light of the ambiguities of such documents as explained by the District Judge in the Memorandum Opinion and Order [Doc. 227]. Further, Plaintiff alleges that such actions led to the directive to allow the sub-jobber requirements to count toward Plaintiff's minimum gallon requirements—a primary issue in this case. The Court finds that such evidence is necessary background information, and Defendants' Motion in Limine Number 4 [**Doc. 166**] is **DENIED.** If such arguments or evidence stray from necessary background information, Defendants may object at trial.

**E.     Defendants' Motion in Limine Number 6 [Doc. 169]**

Defendants request that the Court exclude any argument or testimony that they put Plaintiff on allocation. Defendants assert that such evidence is factually incorrect, irrelevant, and will confuse or mislead the jury. Plaintiff responds that it will only discuss this issue to the extent

Defendants attempt to rely on supply disruptions or fuel rationing as an explanation for their failure to provide Plaintiff with the fuel that it required and was entitled to in good faith.

At the hearing, Plaintiff also argued that evidence with respect to the allocation of fuel also shows Defendants' motive in treating Plaintiff differently. Plaintiff stated that if Defendants cannot show that credit prevented Plaintiff from receiving fuel or that there was a supply disruption, then there is an inference that Defendants placed Plaintiff on allocation in order to hurt Plaintiff. Plaintiff argued that such evidence is, therefore, relevant.

As stated at the hearing, the crucial issue in this case is whether Plaintiff failed to meet its minimum gallon requirement because Defendants did not count the contribution from Red Hed. Plaintiff asserts that the parties intended to count Red Hed's contribution, and Defendants insist otherwise. The Court finds that given the issue in this case, evidence relating to allocation is not relevant to whether Red Hed's contribution should have been counted towards Plaintiff's annual minimum gallon requirements. Accordingly, the Court **GRANTS** Defendants' Motion in Limine Number 6 [**Doc. 169**].

### F. Defendants' Motion in Limine Number 7 [Doc. 170]

Defendants request that the Court preclude argument or testimony regarding their temporary retention of Plaintiff's credit card funds. Defendants assert that such evidence is irrelevant, likely to confuse or mislead the jury, and its probative value is substantially outweighed by the danger of unfair prejudice to Defendants. Further, Defendants assert that Plaintiff abandoned this theory by not addressing it in response to Defendants' motion for summary judgment. Plaintiff states that it has made a claim for exemplary damages and that it must show that Defendants willfully disregarded the requirements in the PMPA or the rights of the franchisee under the PMPA. Plaintiff submits that Defendants' actions of holding credit card funds for an

7

extended period of time after the termination date shows that Defendants' business actions regarding Plaintiff were willful.

The Court agrees with Defendants that any argument or evidence relating to the temporary retention of Plaintiff's credit card funds is irrelevant. Defendants' retention of Plaintiff's credit card funds occurred after Defendants terminated their agreements with Plaintiff. Thus, Defendants' retention of Plaintiff's credit card funds is irrelevant to whether Defendants' termination was permitted by the PMPA or whether Defendants' alleged violation was willful. *See Eden v. Amoco Oil Co., Inc.*, 741 F. Supp. 1192, 1195 (D. Md. 1990) (defining "willful disregard" as the franchisor knowing "its conduct was prohibited by the PMPA or if the franchisor acted with plain indifference to its prohibitions" and does not "encompass a requirement of showing maliciousness in motive").[2] Accordingly, the Court **GRANTS** Defendants' Motion in Limine Number 7 [**Doc. 170**].

### G. Defendants' Motion in Limine Number 8 [Doc. 171]

Defendants request that the Court exclude evidence or argument relating to Defendants' preference for larger wholesalers or that Defendants sought to eliminate smaller wholesalers. Defendants state that the Court has already determined that such evidence is irrelevant. In addition, Defendants assert that such evidence would confuse or mislead the jury. Plaintiff responds that it previously cited the Court to authority wherein summary judgment was denied because the court determined that questions of material fact existed as to whether defendant's decision to use larger stations could cause defendant to set the minimum requirement at a larger number than plaintiff could sell. In the alternative, Plaintiff states that if the Court finds that such evidence is not part

---

[2] The Court observes that pursuant to the PMPA, "The question of whether to award exemplary damages and the amount of any such award shall be determined by the court and not by a jury." 15 U.S.C. § 2805.

of the claims, the evidence supports the explanation for why Defendants would include an unreasonable and bad-faith material provision in the WMAs and the Border Agreement. Plaintiff points to several comments made by Defendants' employees, arguing that such comments highlight the animus toward Plaintiff as a small oil business.

The Court acknowledges that in the summary judgment filings, Plaintiff argued that the 6.75 million annual minimum gallon requirement set out in the WMAs was unreasonable. The District Judge found "that the annual minimum gallon requirements in the Motiva and SOPUS WMAs were reasonable and of material significance to the franchise relations." [Doc. 227 at 12]. Thus, Plaintiff's evidence that Defendants preferred larger wholesalers is irrelevant given that the District Judge has determined that the 6.75 million annual minimum gallon requirement was reasonable.

In the alternative, Plaintiff argues that even if an ulterior motive is not a violation of PMPA, such evidence shows that Defendants preferred larger wholesalers and had a negative opinion based on Plaintiff's size and serves as an explanation as to why Defendants included an unreasonable and bad-faith provision. In this case, the primary issue is whether the parties intended to count Red Hed's contribution towards Plaintiff's requirement. Plaintiff insists that the parties intended to count Red Hed's contribution, and Defendants argue otherwise. The Court finds Defendants' alleged preference for larger wholesalers irrelevant. Here, the parties must establish what they did, or did not, agree to and whether Defendants properly applied the agreement as the parties intended. The underlying motive, or any evidence as to why Defendants failed to apply the agreement in the manner the parties intended, is not helpful to the jury in determining whether Defendants misapplied the parties' agreement. Further, the Court finds that the probative value, if any, of such evidence is outweighed by the danger of unfair prejudice and

confusion of the issues in this case. Plaintiff argues that it must establish that Defendants' actions were willful in order to obtain exemplary damages. As explained above, however, establishing a willful violation does not mean Plaintiff must show that Defendants acted with a bad motive. *See Eden, Co.,* 741 F. Supp. at 1195 ("As used in the [PMPA], . . . willfulness does not encompass a requirement of showing maliciousness in motive."). Accordingly, Defendants' Motion in Limine Number 8 [**Doc. 171**] is **GRANTED**.

### H. Defendants' Motion in Limine Number 12 [Doc. 176]

Defendants request that the Court prohibit Plaintiff from introducing or testifying as to any document or email of which Plaintiff was not the author, sender, or recipient. During the hearing, the Court proposed that the parties meet and confer to narrow such objections. Further, the Court observed that Defendants speculated as to how Plaintiff intends to use the documents that were objected to and that many objections are more appropriate to raise at trial. The parties agreed to the Court's proposal to attempt to resolve many of the objections. Accordingly, Defendants' Motion in Limine Number 12 [**Doc. 176**] is **DENIED WITHOUT PREJUDICE**. Any remaining objections that the parties cannot resolve may be made during the trial.

### I. Defendants' Motion in Limine Number 15 [Doc. 178]

Defendants request that the Court exclude Exhibits 2 and 13, which are Defendants' internal emails from 2009 that discuss retail locations that Plaintiff eventually transferred to Lykins Oil. Accordingly, for the same reasons the Court denied Defendants' Motion in Limine [Doc. 166], the Court **DENIES** Defendants' Motion in Limine Number 15 [**Doc. 178**].

### J. Defendants' Motion in Limine Number 17 [Doc. 181]

Defendants request exclusion of Plaintiff's Exhibit 55, which is an internal SOPUS/Motiva email discussing a proposed incentives agreement between Coffman Oil and Woodson's Shell, a

retail outlet that was transferred from Plaintiff to Coffman Oil in April 2015. Defendants rely on their argument that was raised in their Motion in Limine [Doc. 164]. In addition, Defendants assert that even if Plaintiff's unearned incentives were deemed relevant, the email relates to a proposed incentive agreement between Coffman Oil and Woodson's Shell station, and therefore, not relevant to Plaintiff's PMPA claim. Plaintiff states that the email references the fact that Defendants did not pay Plaintiff incentives because Plaintiff was allegedly behind on its annual fuel requirements. Plaintiff states that unearned incentives are part of its damages.

Accordingly, for the same reasons the Court granted Defendants' Motion in Limine [Doc. 164], the Court **GRANTS** Defendants' Motion in Limine Number 17 [**Doc. 181**]. Further, the Court agrees with Defendants that while the emails reference Plaintiff, the primary matter discussed in the emails relate to an agreement with another company, which is not relevant to Plaintiff's claim.

### K. Defendants' Motion in Limine Number 18 [Doc. 183]

Defendants request that the Court exclude Exhibit 67, which is a letter from Alexander Fassas, the president of Red Hed, to Jeff Hoskins. Defendants assert that the letter is irrelevant, it constitutes inadmissible hearsay, it is unreliable, and it is likely to confuse the issues and mislead the jury. Further, Defendants argue that the Court should prohibit Fassas from testifying as to any statements by others contained in the letter that independently constitute inadmissible hearsay. Plaintiff responds that it intends to call Fassas as a witness during its case in chief and that Fassas may be prohibited from referring to statements by Jeff Hoskins, but he should not be prohibited from testifying about Red Hed's relationship with Plaintiff. Plaintiff argues that in the letter, Fassas also includes a business record that is germane to the issues in this case.

As the Court noted at the hearing, it is unclear at this time how Plaintiff intends to use the letter. Accordingly, Defendants' Motion in Limine number 18 [**Doc. 183**] is **DENIED WITHOUT PREJUDICE**. Defendants may object to the use of this letter during trial.

L. **Defendants' Motion in Limine Number 20 [Doc. 185]**

Defendants request that the Court exclude Plaintiff's Exhibits 107 and 108, which are emails that relate to Plaintiff's failure to turn off the credit card machines at its former sites. Defendants state that that such evidence is irrelevant, will confuse and mislead the jury, and the probative value is outweighed by the danger of unfair prejudice. In addition, Defendants claim that Plaintiff abandoned this theory when Plaintiff did not respond to Defendants' argument in their motion for summary judgment. Accordingly, for the reasons that the Court granted Defendants' Motion in Limine [Doc. 170], the Court hereby **GRANTS** Defendants' Motion in Limine Number 30 [**Doc. 185**].

M. **Defendants' Motion in Limine Number 21 [Doc. 186]**

Defendants request that the Court prohibit Plaintiff from reading into evidence the deposition designations of Stephen Bradley, Jeff Gerl, Manny Payan, Paul Stanifer, Barbara Stoyko, and Kevin Wood. Defendants state that although these individuals were designated as Rule 30(b)(6) witnesses, they will testify live at trial. Defendants argue that their deposition testimony will be cumulative. Plaintiff responds that it is not certain that the above identified individuals will testify at trial, especially because at least one witness, Stephen Bradley, is not included in Defendants' final witness list. Further, Plaintiff argues that even if each witness listed does appear live at trial, it is premature at this stage to make a determination as to what portions of Plaintiff's deposition designation will be cumulative.

Accordingly, the Court agrees with Plaintiff in that it is not clear whether using the depositions will be cumulative, and therefore, Defendants' Motion in Limine Number 21 [**Doc. 186**] is **DENIED WITHOUT PREJUDICE**. Defendants may renew their objection at trial.

### N. Plaintiff's Objection to Defendants' Proposed Exhibits [Doc. 189]

During the hearing, the Court noted that it appeared many of Plaintiff's Objections would be resolved once the Court rules on the parties' Motions in Limine. The parties agreed that after receiving a ruling from the Court, they would meet and confer to determine whether there are any remaining objections. If there are any remaining objections, Plaintiff **SHALL** file a motion, indicating the specific objections by **April 12, 2019**. Accordingly, Plaintiff's Objection to Defendants' Proposed Exhibits [**Doc. 189**] is **DENIED WITHOUT PREJUDICE**.

### O. Plaintiff's Motion in Limine and Objections to Defendants' Deposition Designations [Doc. 190]

Plaintiff objects to certain deposition designations of Defendants and moves for an order barring their introduction into evidence. Specifically, Plaintiff objects to the deposition designations of Jeff Hoskins and Beverly Lay. Plaintiff also objects that Defendants' deposition designations of Jeff Hoskins and Beverly Lay are improper because such testimony requires an expert opinion. In response, Defendants assert that they expect Jeff Hoskins and Beverly Lay to testify live at trial, and therefore, Defendants will not seek to introduce the deposition designations of Jeff Hoskins or Beverly Lay unless those witnesses are deemed unavailable or the depositions are necessary for impeachment purposes. Further, Defendants argue that to the extent Plaintiff objects to Jeff Hoskins's and Beverly Lay's testimony regarding Plaintiff's financial condition, such testimony does not require an expert opinion. Defendants state that Jeff Hoskins is a co-owner of Plaintiff, and Beverly Lay was Plaintiff's bookkeeper for eighteen (18) years.

Accordingly, given that Defendants do not intend on relying on Jeff Hoskins's and Beverly Lay's depositions (unless they are unavailable or the depositions are used for impeachment purposes), the Court finds Plaintiff's Objections and Motion in Limine to Certain Deposition Designations of the Defendants Per Rules 401 and 403 of the Federal Rules of Evidence [**Doc. 190**] **DENIED AS MOOT**. The Court further finds that Jeff Hoskins and Beverly Lay may testify as to Plaintiff's financial condition because such testimony, as designated in their depositions, does not constitute an expert opinion.

**II.   CONCLUSION**

Accordingly, for the reasons explained above, the Court **FINDS** as follows:

1) Plaintiff's Objection and Motion in Limine to Defendants' Deposition Designations [**Doc. 163**] is **GRANTED**;

2) Defendants' Motions in Limine [**Docs. 164, 169, 170, 171, 181, and 185**] are **GRANTED**;

3) Defendants' Motions in Limine [**Docs. 165, 166 and 178**] are **DENIED**;

4) Defendants' Motions in Limine [**Docs. 167, 172, 173, 177, 179, and 184**] are **DENIED AS MOOT**;

5) Defendants' Motions in Limine [**Docs. 176, 183, and 186**] are **DENIED WITHOUT PREJUDICE**;

6) Plaintiff's Objection to Defendants' Proposed Exhibits [**Doc. 189**] is **DENIED WITHOUT PREJUDICE**; and

7) Plaintiff's Motion in Limine and Objections to Defendants' Deposition Designation [**Doc. 190**] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge